1

2

3

4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 12, 2024

SEAN F. MCAVOY, CLERK

5                  UNITED STATES DISTRICT COURT

6                  EASTERN DISTRICT OF WASHINGTON

7   CODY G.,

8                                    Plaintiff,

9        v.

10  COMMISSIONER OF SOCIAL
    SECURITY,

11                                   Defendant.

12

NO:  4:24-CV-5026-RMP

ORDER DENYING PLAINTIFF'S
BRIEF AND GRANTING
DEFENDANT'S BRIEF

13        BEFORE THE COURT, without oral argument, are briefs from Plaintiff Cody

14  G.[1], ECF No. 8, and Defendant the Commissioner of Social Security (the

15  "Commissioner"), ECF No. 10.  Plaintiff seeks judicial review, pursuant to 42

16  U.S.C. § 405(g), of the Commissioner's denial of his claim for Disability Insurance

17  Benefits ("DIB") under Title II, of the Social Security Act (the "Act").  *See* ECF No.

18  8 at 1.

19

20

21

_____

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
name and last initial.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 1

1    Having considered the parties' briefs, including Plaintiff's reply, ECF No. 11,

2    the administrative record, and the applicable law, the Court is fully informed.  For

3    the reasons set forth below, the Court denies judgment for Plaintiff and directs entry

4    of judgment in favor of the Commissioner.

5                                   **BACKGROUND**

6    ***General Context***

7    Plaintiff filed a protective application for DIB on approximately April 10,

8    2022, alleging disability onset on May 30, 2020.  Administrative Record ("AR")[2]

9    182–85.  Plaintiff's date last insured is December 31, 2025.  AR 27.  Plaintiff was 26

10   years old on the alleged disability onset date and asserted that he was unable to work

11   due to a variety of conditions, including: pulmonary embolism, compression fracture

12   in his spine, labral tear in his left hip, post-traumatic stress disorder, chronic

13   migraines, and osteoarthritis in the back and hips.  AR 202–05.  Plaintiff's claims

14   proceeded to a hearing before Administrative Law Judge ("ALJ") Jesse Shumway

15   on October 12, 2023, held telephonically from Spokane, Washington.  AR 49–51.

16   Plaintiff was present and represented by attorney Chad Hatfield.  AR 49–51.  The

17   ALJ heard from vocational expert ("VE") Sharon Welter and from Plaintiff.    AR

18   49–76.  ALJ Shumway issued an unfavorable decision on November 7, 2023.  AR

19   22–38.

20

21   _____

[2] The Administrative Record is filed at ECF No. 6.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 2

*ALJ's Decision*

ALJ Shumway found the following at each step of the evaluation process:

**Step one:** Plaintiff meets the insured status requirements of the Act through December 31, 2025.  AR 27.  Plaintiff has not engaged in substantial gainful activity since May 30, 2020, the alleged onset date.  AR 27 (citing 20 C.F.R. §§ 404.1571 *et seq*.).

**Step two:** Plaintiff has the following severe impairments that are medically determinable and significantly limit his ability to perform basic work activities: obesity, history of pulmonary embolisms with ongoing chest pain, degenerative joint disease, and history of labral tear of the left hip, lumbar degenerative disc disease, and posttraumatic stress disorder.  AR 27–28 (citing 20 C.F.R. §§ 404.1520(c)).

**Step three:** The ALJ concluded that Plaintiff does not have an impairment, or combination of impairments, that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).  AR 28–29.  The ALJ memorialized that he considered Listings 1.15, 1.16, 1.18, and 3.02 and did not find that the requirements of those listings were satisfied.  AR 28.  The ALJ further considered whether Plaintiff has functional limitations caused by obesity that, alone or in combination with other impairments, may medically equal the severity of a listed impairment. AR 28.

In considering whether Plaintiff's mental impairments are of listing-level severity, the ALJ addressed the "paragraph B" criteria with respect to listing 12.15 (trauma- and stressor-related disorders) and found that Plaintiff's impairments do not result in one extreme limitation or two marked limitations in a broad area of functioning.  AR 29.

The ALJ found that Plaintiff is moderately limited in interacting with others and in concentrating, persisting, or maintaining pace.  AR 29.  The ALJ further found Plaintiff mildly impaired in his ability to adapt or manage oneself and not impaired in his ability to understand, remember, or apply information.  AR 29.  The ALJ cited to portions of the record in explaining his findings.  AR 29.

The ALJ also memorialized that he considered the "paragraph C" criteria and found that the evidence did not establish that those criteria were present, specifying that "[t]here is not evidence that Plaintiff requires significant psychosocial supports or a highly structured setting, or that he has shown marginal adjustment, defined as minimal capacity to adapt to changes in her [sic] environment or daily life."  AR 30.

**RFC:** The ALJ found that Plaintiff can perform a full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following additional limitations:

> [H]e can stand and walk for 2 hours total in combinations in an 8-hour workday, for 15 to 45 minutes at a time; he cannot crouch, kneel, crawl, or climb ladders, ropes, or scaffolds; he can perform all other postural activities occasionally; he can occasionally operate foot controls and frequently operate a motor vehicle; he can have no exposure to hazards

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 4

(e.g., unprotected heights, moving mechanical parts) ; he cannot have concentrated exposure to extreme cold or heat, vibration, or pulmonary irritants; he is limited to simple, routine tasks; he can have no contact with the public and only occasional, superficial contact with coworkers and supervisors, with no collaborative tasks; he cannot work at an assembly-line pace or perform similarly fast-paced work; and he will likely be absent from work 6 to 8 days per year.

AR 30. In formulating Plaintiff's RFC, the ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms less than fully persuasive to the extent they are inconsistent with [the RFC]." AR 36.

**Step four:** The ALJ expedited the inquiry into Plaintiff's past relevant work. AR 36 (citing 20 C.F.R. 404.1565).

**Step five:** The ALJ found that Plaintiff has at least a high school education and was 26 years old, which is defined as a younger individual (age 18-49), on the alleged disability onset date. AR 36 (citing 20 C.F.R. § 404.1563). The ALJ found that given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 36 (citing 20 C.F.R. §§ 404.1569 and 404.1569a). Specifically, the ALJ recounted that the vocational expert identified the following representative occupations that Plaintiff would be able to perform with the RFC: mail clerk (with 11,200 jobs available nationwide); collator operator (with 33,000 jobs available nationwide); and routing clerk (with 117,400 jobs available nationwide). AR 37.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 5

1    The ALJ concluded that Plaintiff has not been under a disability, as defined by

2    the SSA, from May 30, 2020, through the date of the ALJ's decision.  AR 38.

3    Through counsel, Plaintiff sought review of the ALJ's decision in this Court.

4    ECF No. 1.

### LEGAL STANDARD

6    ***Standard of Review***

7    Congress has provided a limited scope of judicial review of the

8    Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the

9    Commissioner's denial of benefits only if the ALJ's determination was based on

10    legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d

11    993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's]

12    determination that a claimant is not disabled will be upheld if the findings of fact are

13    supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

14    1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere

15    scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112,

16    1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir.

17    1989).  Substantial evidence "means such evidence as a reasonable mind might

18    accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

19    401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the

20    [Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark*

21    *v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the Court considers the

record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last, for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 7

1   ***Sequential Evaluation Process***

2         The Commissioner has established a five-step sequential evaluation process

3   for determining whether a claimant is disabled.  20 C.F.R § 404.1520.  Step one

4   determines if they are engaged in substantial gainful activities.  If the claimant is

5   engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §

6   404.1520(a)(4)(i).

7         If the claimant is not engaged in substantial gainful activities, the decision

8   maker proceeds to step two and determines whether the claimant has a medically

9   severe impairment or combination of impairments.  20 C.F.R. § 404.1520(a)(4)(ii).

10  If the claimant does not have a severe impairment or combination of impairments,

11  the disability claim is denied.

12        If the impairment is severe, the evaluation proceeds to the third step, which

13  compares the claimant's impairment with listed impairments acknowledged by the

14  Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §

15  404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment

16  meets or equals one of the listed impairments, the claimant is conclusively presumed

17  to be disabled.

18        If the impairment is not one conclusively presumed to be disabling, the

19  evaluation proceeds to the fourth step, which determines whether the impairment

20  prevents the claimant from performing work that they have performed in the past.  If

21  the claimant can perform their previous work, the claimant is not disabled.  20

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 8

C.F.R. § 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering their residual functional capacity and age, education, and past work experience.  20 C.F.R. § 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation.  *Meanel*, 172 F.3d at 1113.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" that the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' briefs raise the following issues regarding the ALJ's decision:

1.    Did the ALJ err in improperly evaluating a medical source opinion?

2.    Did the ALJ err in failing to conduct an adequate step three evaluation and failing to find the claimant disabled as meeting or equaling a listing?

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 9

3.      Did the ALJ err by rejecting Plaintiff's subjective complaints?

4.      Did the ALJ err at step five?

***Medical Opinion Evidence***

Plaintiff argues that the ALJ made a harmful error in rejecting the opinions of Plaintiff's examining providers, family nurse practitioner Brenda Porco-Smith, FNP; physician assistant Serenity Kelton, PA-C; and psychologist Katrina Higgins, PsyD "without adequately considering their consistency or supportability."  ECF No. 8 at 8.  The Commissioner responds that substantial evidence supported the ALJ's evaluation of the medical opinion evidence.  ECF No. 10 at 7.

The regulations that took effect on March 27, 2017, provide the relevant framework for the ALJ's consideration of medical opinion evidence in this matter and require the ALJ to articulate how persuasive he finds all medical opinions in the record, without any hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017).  For each source of a medical opinion, the ALJ must consider several factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors such as the source's familiarity with other evidence in the claim or an understanding of Social Security's disability program.  20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the "most important" factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 10

each medical opinion or prior administrative medical finding.  20 C.F.R. §

404.1520c(b)(2).  With respect to these two factors, the regulations provide that an

opinion is more persuasive in relation to how "relevant the objective medical

evidence and supporting explanations presented" and how "consistent" with

evidence from other sources the medical opinion is.  20 C.F.R. § 404.1520c(c)(1).

The ALJ may explain how he considered the other factors, but is not required to do

so, except in cases where two or more opinions are equally well-supported and

consistent with the record.  20 C.F.R. § 404.1520c(b)(2), (3).  Courts also must

continue to consider whether the ALJ's finding is supported by substantial evidence.

*See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to

any fact, if supported by substantial evidence, shall be conclusive . . . .").

Prior to revision of the regulations, the Ninth Circuit required an ALJ to

provide clear and convincing reasons to reject an uncontradicted treating or

examining physician's opinion and provide specific and legitimate reasons where the

record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654

(9th Cir. 2017).  However, the Ninth Circuit has held that the Social Security

regulations revised in March 2017 are "clearly irreconcilable with [past Ninth

Circuit] caselaw according special deference to the opinions of treating and

examining physicians on account of their relationship with the claimant."  *Woods v.

Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22,

2022).  The Ninth Circuit continued that the "requirement that ALJs provide

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 11

'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions, is likewise incompatible with the revised regulations." *Id*. at *15 (internal citation omitted). Recently, the Ninth Circuit further has held that the updated regulations comply with both the Social Security Act and the Administrative Procedure Act, despite not requiring the ALJ to articulate how he or she accounts for the "examining relationship" or "specialization factors. *Cross v. O'Malley*, No. 23-35096, 2024 U.S. App. LEXIS 302 at *7–12 (9th Cir. Jan. 5, 2024).

<u>Brenda Porco-Smith, FNP</u>

FNP Porco-Smith completed a physical evaluation of Plaintiff on January 4, 2023.  AR 1667–76.

Plaintiff argues that the ALJ failed to adequately consider the supportability and consistency of FNP Porco-Smith's opinion.  ECF No. 8 at 9.  Plaintiff asserts that the physical exam cited by the ALJ showed only that Plaintiff did not have pain in his knees while sitting and did not test Plaintiff's ability to sit for extended periods.  *Id.* (citing AR 1670).  Plaintiff further contends that the ALJ erroneously disregarded evidence that Plaintiff consistently has maintain that his "hip pain, knee pain, and back pain—which radiates to his buttocks and hips—is exacerbated by sitting, resulting in the need to lie down flat on his back and elevate his left ankle two feet in the air for one-third to one-half of the day."  ECF No. 8 at 10 (citing AR 54, 58–59, and 1667).  Plaintiff argues that this evidence is consistent with FNP

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 12

Porco-Smith's findings, and, moreover, the ALJ must consider "evidence of the steps the claimant must take to modify his activities and relieve his pain symptoms[.]" *Id.* (citing SSR 16-3p). Lastly, Plaintiff maintains that the ALJ mischaracterized the evidence as failing to show limitations consistent with sitting when medical records from 2021 and 2022 contain findings of instability and apparent stiffness with transfers from sitting to standing and that "extended sitting without adequate low back support results in exacerbation of his low back and neck symptoms." *Id.* (citing AR 1547–58, 1566, and 1872).

The Commissioner responds that substantial evidence supports the ALJ's finding that FNP Porco-Smith's opinion was mostly persuasive apart from the limitations in sitting, which the ALJ reasoned was not consistent with either FNP Porco-Smith's examination or the longitudinal record. ECF No. 10 at 8. The Commissioner expands that FNP Porco-Smith's examination did not document any difficulties with sitting, and there was no evidence in Plaintiff's treatment notes or consultative exams that supported any difficulty with sitting to warrant those limitations. *Id.* at 8–9 (citing AR 220–27, 232–39, 328–30, 368–72, 676–83, 1547–58, 1566–76, 1598–1600, 1663, 1665–76, and 2473–78).

On January 4, 2023, FNP Porco-Smith completed a physical evaluation of Plaintiff. AR 1667–76. FNP Porco-Smith opined that Plaintiff: (1) is limited to standing or walking for a total of thirty minutes to two hours in an eight-hour workday; (2) requires an assistive device to ambulate or stand; (3) has a service dog

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 13

to assist with stability; and (4) is limited to sitting for a total of two-to-four hours in an eight-hour work day based on a physical exam.  AR 1675.  The ALJ found FNP Porco-Smith's assessments "partially persuasive."  AR 35.  Specifically, the ALJ found that the limits on standing, walking, postural, and environmental activities are "mostly persuasive" while the limitation on sitting is not persuasive because FNP Porco-Smith's examination of Plaintiff found no pain with sitting and "[t]he longitudinal record is consistent with most of the opinion, but again, not with [sic] limitation on sitting as there is no evidence in treatment notes or consultative exams that supported any difficulty with sitting to warrant those limitations."  AR 35 (citing AR 220–41, 328–30, 368–72, 676–83, 687, 1547–57, 1566–77, 1598–1603, 1663, 1665, 1667–76, 1713, 2473–78, 2485–86, and 2490).

The ALJ must consider both supportability and consistency in evaluating the persuasiveness of a medical opinion.  20 C.F.R. § 404.1520c(b)(2).  Furthermore, the ALJ cannot reject an examining or treating medical source's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.  *Woods*, 32 F.4th at 792.  The consistency factor addresses how consistent a medical opinion is with the other record evidence.  20 C.F.R. § 404.1520c(c)(2).  To explain his findings regarding the consistency factor, the ALJ cited to record evidence including unremarkable findings in treatment notes and examination findings that do not indicate an inability to sit for extended periods.  *See*

1   AR 35 (citing AR 220–41, 328–30, 368–72, 676–83, 687, 1547–57, 1566–77, 1598–

2   1603, 1663, 1665, 1667–76, 1713, 2473–78, 2485–86, and 2490).

3      The supportability factor requires the ALJ to consider how relevant "the

4   objective medical evidence and supported explanations presented by a medical

5   source are to support his or her medical opinion(s)[.]"  20 C.F.R. § 404.1520c(c)(1).

6   As the ALJ referred to, FNP Porco-Smith's own examination findings document that

7   Plaintiff reported "[p]ain when standing only – not with sitting, non weight bearing."

8   AR 1670.  Plaintiff presents no evidence to show that the ALJ's findings were

9   groundless.  Accordingly, substantial evidence supports the ALJ's reasoning, and the

10  Court finds no error with the treatment of FNP Porco-Smith's opinion.

11                      Serenity Kelton, PA-C

12     Plaintiff argues that the ALJ erred in rejecting examining PA-C Kelton's

13  opinion because it "is supported by her examination findings and consistent with the

14  detailed findings of the other consultative examiner, FNP Porco-Smith[.]"  ECF No.

15  11 at 4.  Plaintiff also faults the ALJ for "fail[ing] to account for the various

16  remarkable findings—such as observed pain upon examination, pain throughout the

17  spine, reduced range of motion in the lumbar spine, left hip pain and severely

18  reduced range of motion, bilateral medial joint knee pain, and reduced strength in the

19  left leg—that limit [Plaintiff's] ability to sit for extended periods."  *Id.* at 4–5.

20  Lastly, Plaintiff asserts that "the ALJ again failed to account for [Plaintiff's] need to

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 15

1  lie down with his left leg elevated for one-third to one-half of the day, which is

2  consistent with PA-C Kelton's assessed sitting limitation."  *Id.* at 5.

3         The Commissioner maintains that it is "understandable" why the ALJ did not

4  find PA-C Kelton's opinion regarding a sitting limitation persuasive for the same

5  reasons as the same opinion from FNP Porco-Smith.  ECF No. 10 at 9–10.

6         PA-C Kelton completed a physical evaluation of Plaintiff on June 18, 2022.

7  AR 1547–58.  PA-C Kelton opined that Plaintiff is limited to sitting two-to-four

8  hours cumulatively, one-to-two hours at a time, in an eight-hour workday.  AR 1556.

9  The ALJ found PA-C Kelton's assessment "partially persuasive with regard to some

10  of the activity restrictions, but the other consultative examiner and DDS findings are

11  better supported by the record in the medical summaries or narrative."  AR 34.  The

12  ALJ found, in addition, that PA-C Kelton's assessment was "not fully consistent"

13  with the medical evidence of record and inconsistent with regard to sitting

14  limitations with the relevant period.  AR 34 (citing AR 220–27, 232–39, 328–30,

15  368–72, 676–83, 1547–58, 1566–76, 1598–1600, 1663, 1665–76, and 2473–78).

16         With respect to the supportability factor, PA-C Kelton cited the "physical

17  exam" and the "diagnoses listed above" as the basis for her opinion regarding

18  Plaintiff's sitting limitations.  AR 1556.  PA-C Kelton did not refer to any particular

19  physical examination finding, and the majority of the examination findings for

20  Plaintiff were "normal."  AR 1550–55.  Moreover, with respect to the consistency

21  factor, Plaintiff does not show that the record evidence cited by the ALJ is consistent

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 16

with PA-C Kelton's sitting opinion or otherwise show that the ALJ's finding was

groundless.  Therefore, the Court finds that the ALJ committed no error in his

treatment of PA-C Kelton's opinion regarding Plaintiff's sitting limitation.

> ### Katrina Higgins, PsyD

Plaintiff argues that, although Dr. Higgins did not opine to a specific

functional capacity, Dr. Higgins' "findings document deficits in attendance and all

of the basic mental demands of competitive unskilled work" that support an ultimate

finding of disability.  ECF No. 11 at 7.

The Commissioner responds that the ALJ found Dr. Higgins' opinion

persuasive and argues that Plaintiff has not shown any specific limitation in Dr.

Higgins' opinion that is unaccommodated by the ALJ's formulation of Plaintiff's

RFC.  ECF No. 10 at 10–11.

Dr. Higgins completed a mental examination and evaluation of Plaintiff on

June 30, 2022.  AR 1560–64.  Dr. Higgins found that:

> His ability to interact with others in the workplace is moderately
> impaired overall by his anxiety and irritability. He can probably manage
> to accept instructions from supervisors but may struggle with critical
> feedback. He may be prone to conflict with coworkers. It would be best
> if he is not put in positions dealing directly with the public.
>
> He demonstrated difficulty focusing on mental tasks during today's
> evaluation. He could probably manage simple and routine tasks, though
> his pace may be slow or inconsistent. I doubt he could manage complex
> tasks on a consistent basis. He would not require additional supervision.
> His attendance would likely be negatively impacted by his mental
> health symptoms. He has a limited capacity for managing stress. He

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 17

may do okay with low-stress work tasks in a quiet, laid back work environment but would really struggle in a busy, fast-paced setting.

AR 1564.

The ALJ found Dr. Higgins' assessment "generally persuasive," and reasoned that the assessment was supported by the mental status examination, observations, and narrative report. AR 35. The ALJ also found the assessment "generally consistent" with Plaintiff's longitudinal record. AR 35. However, the ALJ noted that some of Dr. Higgins' findings "are equivocal or unquantified, and thus not particularly helpful in assessing residual functional capacity, but I interpret the opinion as generally consistent with the residual functional capacity I have assigned." AR 35.

While Plaintiff makes the conclusory assertion that Dr. Higgins' findings preclude competitive employment, Plaintiff does not identify any specific incompatibility between Plaintiff's RFC and a finding. By contrast, much of the RFC corresponds to a finding by Dr. Higgins. Namely, Dr. Higgins found Plaintiff prone to conflict with coworkers and likely to struggle with critical feedback from supervisors, and the ALJ limited him to "superficial contact with coworkers and supervisors, with no collaborative tasks." AR 30. Likewise, Dr. Higgins wrote that Plaintiff "may do okay with low-stress work tasks in a quiet, laid back work environment but would really struggle in a busy, fast-paced setting." AR 1564. The ALJ then incorporated into the RFC that Plaintiff, while able to perform light work,

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 18

"cannot work at an assembly-line pace or perform similarly fast-paced work[.]" AR 30.  Lastly, Dr. Higgins opined that Plaintiff's "attendance would likely be negatively impacted by his mental health symptoms," without specifying a likely number of days absent from work. AR 1564.  The ALJ subsequently accounted for absenteeism in the RFC, stating that Plaintiff "will likely be absent from work 6 to 8 years per year." AR 30.  Accordingly, the Court finds that the ALJ's treatment of Dr. Higgins' opinion was based on substantial evidence, in the form of Dr. Higgins' own evaluation and the longitudinal record to which the ALJ cited. *See* AR 34–35.

The Court finds no error in the ALJ's treatment of medical source opinions.

### Step Three

Plaintiff argues that the ALJ erred in finding that the evidence did not show a medical need for an assistive device. ECF No. 11 at 7.  Plaintiff asserts that the following evidence supports a finding of disabled at step three: (1) FNP Porco-Smith found that Plaintiff requires an assistive device to ambulate/stand; (2) Plaintiff's treating physician, Micaiah M. Kuzma, MD, wrote in an August 2021 letter to the Washington State Department of Licensing that Plaintiff has chronic medical conditions that require a permanent handicapped placard; (3) Plaintiff requires assistance from a caregiver with personal care activities and sitting to standing transfers due to stiffness and pain "at least 4 days a week"; and (4) FNP Porco-Smith noted that Plaintiff has a service animal to help with stability. *Id.* (citing AR 1360, 1675, and 1872).  Plaintiff adds that when this evidence, which Plaintiff argues the

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 19

1    ALJ overlooked, is properly considered, Plaintiff should be determined disabled as

2    meeting or equaling Listings 1.15, 1.16, and 1.18.  *Id.* at 8.  Alternatively, Plaintiff

3    submits, "at the very least, remand is required for further proceedings and elicitation

4    of medical expert testimony to determine equivalency."  *Id.* at 8 (citing SSR 17-2p).

5         The Commissioner argues that Plaintiff does not show that he meets the

6    requirements of any listing.  ECF No. 10 at 12.  The Commissioner continues that

7    the ALJ reasonably found that Plaintiff did not meet the relevant listings where the

8    evidence did not show medical need for assistive device and Plaintiff had the ability

9    to perform fine and gross movements with at least one hand.  *Id.* (citing AR 28, 328–

10   30, 368–72, 676–83, 1547–57, 1566–77, 1598–1603, 1663, 1665, 1667–77, 1713,

11   and 2473–78).

12        At step three, Social Security claimants bear the burden to show "signs and

13   laboratory findings 'at least equal in severity and duration' to the characteristics of a

14   relevant listed impairment."  *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

15   Each listing sets out "the objective medical and other findings needed to satisfy the

16   criteria of that listing."  20 C.F.R. § 404.1525(c)(3).  Step three imposes "strict

17   standards" to satisfy "because they automatically end the five-step inquiry before

18   residual functional capacity is even considered."  *Kennedy v. Colvin*, 738 F.3d 1172,

19   1176 (9th Cir. 2013).

20        All of the relevant listings, 1.15, 1.16, and 1.18, can be satisfied in part by

21   showing that the claimant has a "documented medical need for a walker, bilateral

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S
BRIEF ~ 20

canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands." 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.15, 1.16, and 1.18. However, none of the evidence that Plaintiff argues was overlooked by the ALJ documents that Plaintiff had a medical need for any of the enumerated assistive devices. *See* ECF No. 11 at 7 (citing AR 1360, 1675, and 1872). While FNP Porco-Smith's examination notes indicate that Plaintiff uses a "cane, electric cart at grocery store," there is no evidence that Plaintiff uses a bilateral cane or a wheeled and seated mobility device involving the use of both hands. *See* AR 1669–75. The letter from Plaintiff's treating physician, Dr. Kuzma, states only that Plaintiff met, as of August 25, 2021, "the medical requirements for handicapped parking status," without any reference to any assistive devices for which Plaintiff had a documented medical need. AR 1360. The other document cited by Plaintiff documents that Plaintiff's "caregiver reports she provides hands on assist with sitting to standing transfers when his pain prevents him from standing independently, 'at least 4 days a week,'" but does not document a medical need for any of the enumerated assistive devices. AR 1872. Therefore, Plaintiff does not meet his burden of proof for that lone characteristic of listings 1.15, 1.16, and 1.18, nor the other requisite characteristics of those listings.

Therefore, Plaintiff has not shown that the ALJ erred in finding that Plaintiff did not meet listings 1.15, 1.16, and 1.18 because the "evidence showed no medical

need for assistive device and the claimant had the ability to perform fine and gross movements with at least one hand." AR 28 (with citations to the record).

### *Plaintiff's Subjective Statements*

Plaintiff argues that the ALJ incorrectly discounted Plaintiff's subjective statements while overlooking the following aspects of the record: (1) FNP Porco-Smith's finding that Plaintiff has a medical need for an assistive device; (2) his treating physician assessed Plaintiff as needing a handicapped parking placard; and (3) Plaintiff requires a caregiver. ECF No. 11 at 8 (citing AR 1360, 1675, and 1872). Plaintiff further faults the ALJ for reasoning that Plaintiff did not exhibit remarkable findings outside of consultative examinations when he underwent a Veterans Affairs ("VA") assessment in May 2021 that showed remarkable findings. *Id.* at 8–9 (citing AR 1869–75). Plaintiff continues that the ALJ erroneously rejected Plaintiff's mental health testimony based on waxing and waning symptoms, alleged conservative treatment, and activities of daily living. *Id.* at 9 (citing AR 61–62, 66–68, and 1703–04). Lastly, Plaintiff argues that the ALJ erroneously failed to address Plaintiff's need to lie down with his left leg elevated for one-third to one-half of the day to reduce pain symptoms in his left hip and back, which is disabling pursuant to vocational expert testimony. *Id.* at 10 (citing AR 73–74; SSR 16-3p).

The Commissioner responds that substantial evidence supports the ALJ's findings that Plaintiff's testimony was inconsistent with the amount of treatment

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 22

sought, examination findings, and Plaintiff's range of activities.  ECF No. 10 at 4 (citing AR 31–33).

In deciding whether to accept a claimant's subjective pain or symptom testimony, an ALJ must perform a two-step analysis.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  First, the ALJ must evaluate "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  The claimant "need not show that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom."  *Smolen*, 80 F.3d at 1282.  Second, if the first test is met and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so."  *Id.* at 1281.  Thus, "the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged."  *Id.* at 1282.

Plaintiff alleged disability due to the following physical and mental health conditions, as summarized in the ALJ's decision:

> The claimant alleged physical and mental impairments related to obesity, history of pulmonary embolisms with ongoing chest pain, degenerative joint disease and history of labral tear of the left hip,

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 23

lumbar degenerative disc disease, and posttraumatic stress disorder. The claimant alleged that he cannot lift more than 15 pounds, cannot walk more than a quarter of a mile, and cannot sit or stand for long. He alleged to have difficulty with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, climbing stairs, remembering, completing tasks, concentrating, using hands, and in getting along with others. Despite these allegations, the evidence indicates he maintains the ability to perform numerous tasks including attending to his personal care needs, preparing meals, performing household duties, watching TV, driving a car, paying bills, playing video games, training dogs, going to the gym, spending time with family, and taking care of children, caring for his dogs. The claimant reported having help from his wife and service dog for symptoms and activities of daily living, but he appeared to perform numerous tasks independently through the relevant period.

AR 31 (citing AR 52–68, 220–41, 1560–66, 1700–2472).

The ALJ found that "although the claimant may have limits in the type of work he can perform, the objective findings below do not support the claimant's allegations of an inability to do all work." AR 31. The ALJ proceeded to discuss his interpretation of the record as evidencing mostly unremarkable objective findings regarding Plaintiff's physical complaints and infrequent and conservative treatment. AR 31–32. The ALJ further discussed his interpretation of Plaintiff's daily activities as inconsistent with Plaintiff's alleged intensity of his mental health complaints. AR 32.

An ALJ may rely on conservative treatment to discount a claimant's testimony only after he has considered why the claimant did not pursue more aggressive treatment. *See* SSR 16-3p, 2016 SSR LEXIS 4 ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 24

without considering possible reasons why he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."); *Eitner v. Saul*, 835 F. App'x 932, 933 (9th Cir. 2021) (citing SSR 16-3p and finding that failure to pursue more aggressive treatment was not a clear and convincing reason to reject plaintiff's testimony because the ALJ did not consider why the claimant did not seek or obtain treatment). Furthermore, the Ninth Circuit repeatedly has confirmed that an ALJ may weigh objective medical evidence in the record against a claimant's testimony where it is inconsistent with the degree of impairment alleged. *See Chaudry v. Astrue*, 688 F.3d 661, 672–73 (9th Cir. 2012) (affirming determination that discounted subjective testimony in favor of objective medical evidence).

Plaintiff disputes the ALJ's characterization of his treatment history as conservative by maintaining that he "receives regular medication management and mental health counseling," although Plaintiff was not seeing a mental health treatment provider around the time of the hearing because he had not found a new provider after his last provider retired. ECF No. 11 at 9. Apart from indicating that he was in between mental health providers, Plaintiff does not indicate why he did not pursue more aggressive treatment. Moreover, Plaintiff does not show that the ALJ unreasonably concluded from the longitudinal record that Plaintiff "had very little regular treatment for any chronic impairment, and no specialist consultations or treatment since the alleged onset date of disability." AR 31.

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 25

1    Essentially, Plaintiff asks the Court to reweigh the evidence with respect to

2    unremarkable findings by pointing to a single allegedly inconsistent assessment, in

3    May 2021, which Plaintiff asserts demonstrates more remarkable examination

4    findings. *See* ECF No. 11 at 8–9 (citing AR 1869–75). The Court's role is limited

5    to considering whether the ALJ's discussion of the evidence is reasonable and

6    supported by substantial evidence. Even if the evidence highlighted by Plaintiff

7    demonstrates that the record is susceptible to more than one rational interpretation,

8    Plaintiff does not show that the ALJ's interpretation was unreasonable or a

9    mischaracterization of the record as a whole. *Burch v. Barnhart*, 400 F.3d 676, 679

10   (9th Cir. 2005) (affirming ALJ's decision where evidence of daily activities was

11   susceptible to more than one interpretation).

12   The Court finds no error in the ALJ's assessment of Plaintiff's subjective

13   symptom statements.

14   **Step Five**

15   Plaintiff argues that the ALJ's limitation of Plaintiff to occasional, superficial

16   contact with supervisors was disabling because, according to Plaintiff, "the inability

17   to take instruction or criticism from a supervisor on more than an occasional basis

18   prevents an individual from progressing past the training period." ECF No. 11 at 11

19   (citing the VE's testimony at AR 74–75; *Sczepanski v. Saul*, 946 F.3d 152 (2d Cir.

20

21

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 26

1  2020)[3] (holding that a claimant's inability to complete a probationary period is

2  relevant to an ALJ's disability determination); *Leitz v. Kijakazi*, No. 22-35356 (9th

3  Cir. 2023)[4]).  However, the authorities cited by Plaintiff are not on point, as they all

4  involve further restrictions absent from the limitation that the ALJ articulated in

5  Plaintiff's RFC.  Specifically, the VE's testimony cited by Plaintiff was in response

6  to further hypothetical limitations posed by Plaintiff's counsel to the VE.  *See* AR

7  74–75.  *Sczepanski* involved an ALJ who did not account for absences from work

8  during a probationary period, while there is no showing in this matter that the jobs

9  identified by the VE involve a probationary period incompatible with the RFC.  The

10  Ninth Circuit unpublished opinion cited by Plaintiff, *Leitz,* involved a caveat in the

11  ALJ's RFC that the claimant could have greater interaction with supervisors during a

12  training period, which the Ninth Circuit found to be unsupported by substantial

13  evidence in that case.   2023 U.S. App. LEXIS 16901, at *5–6.  By contrast, there is

14  no "training-period caveat" in the RFC in this matter.  *See id.*

15      In remaining part, Plaintiff contends that the ALJ erred at step five because

16  the VE testified in response to an allegedly incomplete hypothetical.  ECF No. 11 at

17

18  _____

19  [3] Plaintiff did not provide a pin citation to any specific portion of this out-of-circuit opinion.

20  [4] Although not provided in Plaintiff's brief, the full citation to this unpublished Ninth Circuit opinion is *Leitz v. Kijakazi*, No. 22-35356, 2023 U.S. App. LEXIS

21  16901, at *5–6 (9th Cir. Jul. 5, 2023).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF ~ 27

12.  The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflect all of a claimant's limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel.  *Osenbrock*, 240 F.3d at 1164.  The ALJ may accept or reject these restrictions if they are supported by substantial evidence, even when there is conflicting medical evidence.  *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

Plaintiff's argument assumes that the ALJ erred in evaluating the medical source opinions, Plaintiff's subjective symptom testimony, and the step three analysis.  As discussed above, the ALJ's assessment of the record was not erroneous. Therefore, the RFC and hypothetical contained the limitations that the ALJ found credible and supported by substantial evidence in the record.  The ALJ's reliance on testimony that the VE gave in response to the hypothetical was proper.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (9th Cir. 2005).  The Court denies Plaintiff's Brief, and grants the Commissioner's brief, and judgment to the Commissioner, on this final ground.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Opening Brief, **ECF No. 8**, is **DENIED**.

2.  Defendant the Commissioner's Brief, **ECF No. 10**, is **GRANTED**.

4.  Judgment shall be entered for Defendant.

   **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

   **DATED** September 12, 2024.


                                    *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
                                    Senior United States District Judge